## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| ANNERYS MARIANA CANO ALVAREZ | CIVIL ACTION NO. 26-0696 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| SOUTH LOUISIANA ICE PROCESSING CENTER, ET AL. | MAGISTRATE JUDGE HORNSBY |

### **ORDER**

The Petitioner, Annerys Mariana Cano Alvarez, simultaneously filed a petition for a writ of habeas corpus, R. Doc. 1, and an application for a temporary restraining order and preliminary injunction, R. Doc. 2. The habeas petition, R. Doc. 1, is **REFERRED** to the Magistrate Judge for consideration and disposition. Furthermore, because the preliminary relief sought, release or a bond hearing, mirrors the ultimate relief sought in the habeas petition, the application for a temporary restraining order and preliminary injunction is **DENIED**.

The Petitioner's request for immediate release is improper because one cannot skip the line by dressing a habeas petition in TRO clothes. *See Rodriguez v. Lyons,* No. CV 25-1926, 2025 WL 3553742, at *1 (W.D. La. Dec. 8, 2025) (denying a "motion to decide my habeas petition now."); *Peters v. Davis*, No. 6:17-cv-595, 2018 WL 11463602, at *2 (E.D. Tex. Mar. 27, 2018) (explaining that a TRO is not purposed "to give a plaintiff the ultimate relief he seeks"); *Lindell v. United States*, 82 F.4th 614,

618 (8th Cir. 2023) ("[T]he purpose of injunctive relief is to preserve the status quo; it is not to give the movant the ultimate relief he seeks.").

The Petitioner's demand for a bond hearing is unavailing because the United States Court of Appeals for the Fifth Circuit has held that illegal aliens are not entitled to such a hearing, even if they have resided in the United States for years. *Victor Buenrostro-Mendez v. Pamela Bondi, et al.*, 166 F.4th 494 (5th Cir. Feb. 6, 2026).

**DONE AND SIGNED** at Shreveport, Louisiana, this 9th day of March, 2026.

_____
**ALEXANDER C. VAN HOOK**
**UNITED STATES DISTRICT JUDGE**

2