**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| **ANNERYS MARIANA CANO ALVAREZ** | **CIVIL DOCKET NO. 6:26-CV-696** |
| **VERSUS** | **JUDGE ALEXANDER C. VAN HOOK** |
| **WARDEN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Annerys Mariana Cano Alvarez ("Petitioner"), pursuant to 28 U.S.C. §2241. At the time of filing this petition, Petitioner, a native and citizen of Venezuela, was an immigration detainee at the South Louisiana ICE Processing Center in Basile, Louisiana. Petitioner sought release from detention or a bond hearing.

Petitioner entered the United States in 2018. Petitioner was taken into immigration custody on January 23, 2026 (Doc. 9).

Respondents filed a Motion to Dismiss for Lack of Jurisdiction (Doc. 20). Respondents claim the petition is moot and should be dismissed because Petitioner has been removed and is no longer in ICE custody. In support of their claim, Respondents

provide the Declaration of Assistant Field Office Director Charles G. Ward which states that on May 31, 2026, Petitioner was removed by a Charter flight from ELP with a final destination of Simon Bolivar International Airport (20-2).

Because Petitioner has been removed and is no longer in ICE custody, Respondents' Motion to Dismiss should be GRANTED and this petition should be DISMISSED WITHOUT PREJUDICE because it is moot.

**LAW AND ANALYSIS**

Article III of the Constitution includes a case or controversy requirement for matters brought in the federal courts. This means that the plaintiff or petitioner must have suffered or be threatened with an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. Lewis v. Continental Bank Corp., 110 S.Ct. 1249, 1253 (1990). Petitioner must continue to meet the case or controversy requirement. Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed. 2d 43 (1998). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). Petitioner's petition challenging her detention is moot because she has been removed and is no longer in ICE custody (Docs. 20 and 20-2). See Dormeus v. Keisler, 252 Fed.Appx. 611, 612 (5th Cir.2007). If a controversy is moot, the court lacks subject matter jurisdiction. Carr v. Saucier, 582 F.2d 14, 16 (5th Cir. 1978) (citing North Carolina v. Rice, 404 U.S. 244, 246 (1971); Locke v. Board of Public Instruction, 499 F.2d 359, 363-364 (5th Cir. 1974)).

Accordingly, **IT IS RECOMMENDED** that Respondents' Motion to Dismiss (Doc. 20) be **GRANTED** and Petitioner's petition be **DISMISSED WITHOUT PREJUDICE** as moot.

**OBJECTIONS**

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 29th day of July 2026.

Mark L. Hornsby
U.S. Magistrate Judge